UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC., | |
| Plaintiff, | Hon. Robert W. Gettleman |
| v. | CASE NO. 1:24-CV-03853 |
| SIMMONS HANLY CONROY, LLP, NICHOLAS ANGELIDES, PERRY BROWDER, AMY GARRETT, BENJAMIN GOLDSTEIN, SUVIR DHAR, CRYSTAL FOLEY, DEBORAH ROSENTHAL, STAN JONES, AND JOHN AND JANE DOES 1–25, | JURY TRIAL DEMANDED  ORAL ARGUMENT REQUESTED |
| Defendants. | |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Pursuant to Federal Rule of Evidence 201, Defendants Simmons Hanly Conroy LLP ("Simmons Hanly"), Nicholas Angelides, Perry Browder, Amy Garrett, Benjamin Goldstein, Suvir Dhar, Crystal Foley, Deborah Rosenthal, and Stan Jones respectfully request that the Court take judicial notice of the following documents attached hereto:

- **Exhibit 1** is a true and correct copy of the complaint filed in *Reyna Carranza v. 3M Co., et al.*, No. 18STCV04130 (Cal. Super. Ct.) on November 7, 2018. The *Carranza* case is referenced in various paragraphs of J-M Manufacturing Company, Inc. ("J-MM")'s Complaint. *See, e.g.*, Compl. ¶¶ 107–14.

- **Exhibit 2** is a true and correct copy of the "short form" complaint filed in *Swiger v. A.R. Wilfey & Sons, Inc., et al.*, No. 19-C-402 (Cir. Ct. W. Va.) on April 23, 2019. The *Swiger* case is referenced in various paragraphs of J-MM's Complaint. *See, e.g.*, Compl. ¶¶ 153–66.

- **Exhibit 3** is a true and correct copy of the plaintiffs' responses to standard asbestos interrogatories filed with the court in *Perkins v. A.W. Chesterton.*

- **Exhibit 4** is a true and correct copy of the complaint filed in *Azevedo v. A.W. Chesterton, Co., et al.*, No. 19-2914 (Mass. Super. Ct.) on October 4, 2019. The *Azevedo* case is referenced in various paragraphs of J-MM's Complaint. *See, e.g.*, Compl. ¶¶ 153–66, 243.

- **Exhibit 5** is a true and correct copy of the complaint filed in *Boyance v. Calaveras Asbestos, LTD, et al.*, No. 19STC39278 (Cal. Super. Ct.) on November 1, 2019. The *Boyance* case is referenced in various paragraphs of J-MM's Complaint. *See, e.g.*, Compl. ¶¶ 153–66, 243.

- **Exhibit 6** is a true and correct copy of the First Amended Complaint filed in *Boyance v. Calaveras Asbestos, LTD, et al.*, No. 19STC39278 (Cal. Super. Ct. Nov. 1, 2019) on June 24, 2020.

- **Exhibit 7** is a true and correct copy of the complaint filed in *Noll v. Am. Biltrite Inc., et al.*, No. 13-2-06781-1 SEA (Wash. Super. Ct.) on February 26, 2013. The *Noll* case is referenced in various paragraphs of J-MM's Complaint. *See, e.g.*, Compl. ¶¶ 153–66, 243.

- **Exhibit 8** is a true and correct copy of the Notice of Settlement of All Claims Against All Parties, filed in *Noll v. Am. Biltrite Inc., et al.*, No. 13-2-06781-1 SEA (Wash. Super. Ct. Feb. 26, 2013) on November 8, 2013, and the Stipulation and Order dismissing J-MM with prejudice pursuant to the November 8, 2013 Notice of Settlement, filed on December 20, 2013.

- **Exhibit 9** is a true and correct copy of the complaint filed by J-MM in *J-MM v. WFBM, LLP*, No 21STCV13121 (Cal. Super. Ct.), on April 6, 2021. In that action, J-MM sues its former attorneys, WFBM, complaining that WFBM acted incompetently in representing J-MM in *Morgan v. J-M Manufacturing Company* because that case resulted in a

"humiliating" November 2018 jury verdict that imposed "more than $21 million in damages" against J-MM. Ex. 9, ¶ 7. *See also Morgan v. J-M Manufacturing Company*, 60 Cal. App. 5th 1078 (2021). The *Morgan* case, litigated by Simmons Hanly, is one of the underlying cases that J-MM complains about in its present lawsuit. *See* Compl. ¶¶ 27, 153–66.

- **Exhibit 10** is a true and correct copy of Scott Peebles's appellate brief filed with the California Court of Appeal in *Peebles v. Simmons Hanly Conroy*, on April 4, 2023 in connection with J-MM's appeal from the denial of its third-party application to obtain an unredacted copy of Mr. Peebles's complaint. The *Peebles* case is referenced throughout J-MM's Complaint. *See, e.g.*, Compl. ¶¶ 2, 9–10, 17–18, 22, 32–33, 80, 89, 93–106, 141, 145, 172–80, 188.

- **Exhibit 11** is a true and correct copy of a transcript from a hearing that took place on November 29, 2021 in *Peebles v. Simmons Hanly Conroy, LLC*, No. 20STCV18513 (Cal Super. Ct. May 12, 2020). Mr. Frank Fletcher, identified at page 1 lines 17–20 "as the General Counsel of J-M Manufacturing Company," addressed the court directly at pages 3–4. Therein, he stated, among other things, that as of November 2021 J-MM believed it had been "suffering daily ongoing harm" "for as long as [Fletcher had] been part of J-M and looking at our history, all their cases follow their same highly unusual patterns. We're spending money every single day on Simmons cases that have fact patterns that just can't be believed every single day . . . the two most notable examples are [*Bretado*] and *Carranza*."

- **Exhibit 12** is a true and correct copy of a transcript from a hearing that took place on January 24, 2024 in J-MM's malpractice case against WFBM (*see* Ex. 9 above) in which

the court denied J-MM's motion to compel Mr. Peebles's former attorney to produce documents relating to the *Peebles* action and other asbestos cases that Mr. Peebles had worked on while employed by Simmons Hanly. Mr. Frank Fletcher, identified at page 1 as counsel for J-MM, addressed the court directly at pages 16–17. Therein, he stated, among other things, that as of November 2018, when the *Morgan* case was tried, WFBM "was not prepared for the well-established patterns and practices of the Simmons Firm. The Simmons firm has a playbook. We know what the playbook is. And [WFBM] showed up unprepared."

- **Exhibit 13** is a transcript from a hearing that took place on May 1, 2023 in J-MM's malpractice case against WFBM (see Ex. 9, above). Mr. Frank Fletcher introduced himself on page 1, lines 17-18 as J-MM's General Counsel. He told the court, among other things, that J-MM believed that Simmons Hanly's conduct had been "going on ten years." Ex. 13, 6:17–18.

- **Exhibit 14** is a transcript from a hearing that took place on November 8, 2023 in *Elizarraras v. A.H. Voss, et al* (Cal. Super. Ct February 23, 2018). Mr. Fletcher introduced himself on page 4955 lines 21–24 as J-MM's General Counsel. Simmons Hanly was not counsel in that action. Mr. Fletcher asserted that the plaintiff's counsel in that case (the Maune Raichle firm), and the asbestos plaintiff's bar in general, made "ridiculous" claims and "changed the facts to fit the situation." Ex. 14, 4957:2–4961:7. He further asserts that "the fraud in asbestos litigation has been known about for 25 years." Ex. 14, 4958:12–14.

\* \* \*

Under Federal Rule of Evidence 201(b), a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute and either (1) generally known within the territorial

4

jurisdiction of the court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *Fosnight v. Jones*, 41 F. 4th 916, 922 (7th Cir. 2022). In addition, in ruling on a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted).

Exhibits 1–10 are public court records which this Court may take notice of for their contents. *See, e.g.*, *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (proceedings in other courts, both inside and outside the federal system, may be judicially noticed); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court documents from state proceedings are noticeable). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5106, at 505 (1st ed. 1977 & Supp. 1997). Facts subject to judicial notice include "'proceeding[s] in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.'" *Philips Med. Sys. Int'l v. Bruetman*, 982 F.2d 211, 215 n. 2 (7th Cir. 1992) (citation omitted). Here, Defendants seek judicial notice of these pleadings for the permissible purpose of establishing the jurisdictions in which these cases were pending, the dates of the actions, and, in *Perkins*, the positions taken in the litigation; Defendants do not ask the Court to accept the truth of the allegations in these pleadings. *K.F. Jacobsen & Co., Inc. v. Gaylor*, 947 F. Supp. 2d 1120, 1122–23 (D. Or. 2013) (taking judicial notice a transcript for the purpose of determining claims asserted and arguments made but not the factual assertions contained therein).

Additionally, the Court may take judicial notice of the pleadings from *Carranza*, *Swiger*, *Azevedo*, *Boyance*, *Noll*, *Peebles*, *WFBM*, and *Perkins* at Exhibits 1–10 because these cases are repeatedly referenced, purportedly described, and central to the allegations in J-MM's Complaint, making judicial notice proper. *See generally Serv. Corp. Int'l. v. Stericycle, Inc.*, No. 20-cv-838, 2021 WL 2433704, at *3 (N.D. Ill. June 15, 2021) ("the court may take judicial notice of documents referred to in the complaint"); *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021) (a court "can . . . take judicial notice of . . . court filings and documents from . . . ongoing state court proceedings incorporated into the federal complaint"); *Williamson*, 714 F.3d at 436 (documents "central to the complaint and referred to in it" are properly subject to judicial notice.").

Exhibits 11–14 are transcripts from judicial proceedings. Hearing transcripts are subject to judicial notice. *Griffin v. City of Chicago*, 497 F. Supp. 3d 307, 309 n.2 (N.D. Ill. 2020) (taking judicial notice of filings and hearing transcripts from prior litigation); *Officers of Justice v. Civil Service Comm'n*, 403 F. App'x 164, 165 n.1 (9th Cir. 2010) (taking judicial notice of hearing transcripts); *Hammler v. Muniz*, 781 F. App'x 662, 662 n.1 (9th Cir. 2019) (taking judicial notice of hearing transcripts); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking notice of relevant state court documents) (overruled on other grounds); *Locicero v. Leslie*, 948 F. Supp. 10, 12 (D. Mass. 1996) (taking judicial notice of transcript as a public record); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997). Defendants do not seek judicial notice of the truth of the arguments being made in those transcripts—indeed, Defendants dispute the positions taken by Mr. Fletcher there—but rather to show J-MM's knowledge and belief. *See K.F. Jacobsen & Co., Inc.*, 947 F. Supp. 2d at 1122–23 (D. Or. 2013) (taking judicial notice of transcript for the purpose of determining claims asserted and arguments made, but not the factual assertions contained therein).

Case: 1:24-cv-03853 Document #: 25 Filed: 07/19/24 Page 6 of 7 PageID #:664

Additionally, the Court may take judicial notice of the pleadings from *Carranza*, *Swiger*, *Azevedo*, *Boyance*, *Noll*, *Peebles*, *WFBM*, and *Perkins* at Exhibits 1–10 because these cases are repeatedly referenced, purportedly described, and central to the allegations in J-MM's Complaint, making judicial notice proper. *See generally Serv. Corp. Int'l. v. Stericycle, Inc.*, No. 20-cv-838, 2021 WL 2433704, at *3 (N.D. Ill. June 15, 2021) ("the court may take judicial notice of documents referred to in the complaint"); *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021) (a court "can . . . take judicial notice of . . . court filings and documents from . . . ongoing state court proceedings incorporated into the federal complaint"); *Williamson*, 714 F.3d at 436 (documents "central to the complaint and referred to in it" are properly subject to judicial notice.").

Exhibits 11–14 are transcripts from judicial proceedings. Hearing transcripts are subject to judicial notice. *Griffin v. City of Chicago*, 497 F. Supp. 3d 307, 309 n.2 (N.D. Ill. 2020) (taking judicial notice of filings and hearing transcripts from prior litigation); *Officers of Justice v. Civil Service Comm'n*, 403 F. App'x 164, 165 n.1 (9th Cir. 2010) (taking judicial notice of hearing transcripts); *Hammler v. Muniz*, 781 F. App'x 662, 662 n.1 (9th Cir. 2019) (taking judicial notice of hearing transcripts); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking notice of relevant state court documents) (overruled on other grounds); *Locicero v. Leslie*, 948 F. Supp. 10, 12 (D. Mass. 1996) (taking judicial notice of transcript as a public record); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997). Defendants do not seek judicial notice of the truth of the arguments being made in those transcripts—indeed, Defendants dispute the positions taken by Mr. Fletcher there—but rather to show J-MM's knowledge and belief. *See K.F. Jacobsen & Co., Inc.*, 947 F. Supp. 2d at 1122–23 (D. Or. 2013) (taking judicial notice of transcript for the purpose of determining claims asserted and arguments made, but not the factual assertions contained therein).

**WHEREFORE**, Defendants respectfully request that this Court take judicial notice of Exhibits 1 through 14.

Dated:  July 19, 2024

Respectfully submitted,

*/s/ John R. Storino*

Reid J. Schar (6243821)
John R. Storino (6273115)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
Tel:  (312) 222-9350
Fax:  (312) 527-0484
rschar@jenner.com
jstorino@jenner.com

Kirsten H. Spira (admitted *pro hac vice*)
JENNER & BLOCK LLP
2029 Century Park East
Suite 1450
Los Angeles, CA 90067-2901
Tel:  (213) 239-6900
kspira@jenner.com

Amit B. Patel (6309876)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Tel:  (212) 891-1600
apatel@jenner.com

*Counsel for Defendants*