IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **J-M MANUFACTURING COMPANY, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **SIMMONS HANLY CONROY, LLP, NICOHLAS ANGELIDES, PERRY BROWDER, AMY GARRETT, BENJAMIN GOLDSTEIN, SUVIR DHAR, CRYSTAL FOLEY, DEBORAH ROSENTHAL, STAN JONES, and JOHN AND JANE DOES 1-25,** <br><br> Defendants. | Case No. 1:24-cv-03853 <br><br> Judge Robert W. Gettleman <br><br> **ORAL ARGUMENT REQUESTED** |

**OPPOSITION TO "SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16"**

## TABLE OF CONTENTS

OPPOSITION TO MOTION TO STRIKE...................................................................................... 1

CONCLUSION............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Abbas v. Foreign Policy Group, LLC*,
    783 F.3d 1328 (D.C. Cir. 2015).......................................................................................5, 6, 7

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..............................................................................................................2, 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................2

*Carbone v. CNN, Inc.*,
    910 F.3d 1345 (11th Cir. 2018) ................................................................................................5

*Global Relief Foundation v. New York Times Co.*,
    2002 WL 31045394 (N.D. Ill. 2002) ....................................................................................6, 7

*Intercon Solutions, Inc. v. Basel Action Network*,
    969 F. Supp. 2d 1026 (N.D. Ill. 2013) .................................................................................5, 7

*Klocke v. Watson*,
    936 F.3d 240 (5th Cir. 2019) ................................................................................................4, 7

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020)............................................................................................4, 5, 6, 7

*Makaeff v. Trump University*,
    736 F.3d 1180 (9th Cir. 2013) ..................................................................................................6

*Makaeff v. Trump University, LLC*,
    715 F.3d 254 (9th Cir. 2013) ....................................................................................................6

*Martinez v. ZoomInfo Technologies, Inc.*,
    No. 22-35305 (9th Cir.), Dkt. 76 ...................................................................................6

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) ....................................................................................5, 6

*Planned Parenthood Federation v. Center for Medical Progress*,
    890 F.3d 828 (9th Cir. 2018) .........................................................................................8

*Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.*,
    559 U.S. 393 (2010)...............................................................................3, 4, 5, 6, 7

**Statutes**

California Code of Civil Procedure § 425.16 .....................................................1, 2, 3, 4

California Code of Civil Procedure § 425.16(*i*)..............................................................7

California Code of Civil Procedure § 425.16(b)(1) .........................................................2

California Code of Civil Procedure § 425.16(c)(1) .........................................................7

**Other Authorities**

Fed. R. Civ. P. 1...............................................................................................................2

Fed. R. Civ. P. 12(d) .......................................................................................................3

Fed. R. Civ. P. 56(d) .......................................................................................................3

## OPPOSITION TO MOTION TO STRIKE

This suit arises from Defendants' ongoing abuse of asbestos litigation to enrich themselves at the expense of Plaintiff J-M Manufacturing, its employees, and the small towns that rely on the jobs and products that Plaintiff provides, as well as other similarly situated companies. Scott Peebles, a former partner at Defendant Simmons Hanly, characterized his firm's conduct as "offensive and shocking [in] nature" and was convinced that the firm's "unlawful and unethical conduct"—such as "intentional suppression" and "falsification of evidence"—"indicate[d] a larger pattern and practice that could affect thousands of [Simmons Hanly] clients." Compl. ¶ 175.

Defendants have filed a purported "Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16." Dkts. 21, 22. They claim that California state-law civil procedure gives them blanket immunity from liability for "wrongful, unethical, or illegal" acts simply because Defendants are attorneys who committed their misconduct in the context of litigation. Dkt. 22 at 17. As Defendants would have it, attorneys who "peddled falsehoods," "improperly coached deposition witnesses," and "served false discovery responses" have merely engaged in "quintessentially protected conduct" that this Court is powerless to redress. *Id*.

Unsurprisingly, Defendants are wrong. When lawyers abuse the public trust to enrich themselves through a fraudulent scheme, they must face the consequences.

**A.** The motion to strike is doomed at the outset because this is a federal court, whose procedures are governed by the Federal Rules of Civil Procedure. Just as they could not file a Rule 12(b)(6) motion in California court, Defendants cannot file a California Code of Civil Procedure motion to strike here—as numerous federal courts have recognized.

The substantive arguments in the motion to strike all parallel arguments that Defendants made in their Rule 12(b)(6) motion and that Plaintiff is rebutting in opposition to that motion. For that reason, and because the law is absolutely clear that the motion to strike is improper, this brief

1

is limited to showing that California Code of Civil Procedure § 425.16 cannot be applied in this federal court proceeding—even if Plaintiff's state-law claims are governed by the *substantive* law of California (which, as explained in opposition to the motion to dismiss, they are not).

      **B.**      The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," regardless of whether the substantive claims arise under federal or state law. Fed. R. Civ. P. 1. Under the Federal Rules, a plaintiff is entitled to a trial if his case meets the standards of Rules 12 and 56. On a Rule 12(b)(6) motion to dismiss, the complaint's well-pleaded allegations are assumed to be true, and the claim survives if it is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement'" (*id.*), so "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those [alleged] facts is improbable, and 'that a recovery is very remote and unlikely'" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). And a case survives Rule 56 summary judgment "if the evidence is such that a reasonable jury could return a verdict for the [plaintiff]," regardless of how probable such a verdict seems. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

California has its own California Code of Civil Procedure to govern procedure in the California state courts. In many respects that Code is similar to the Federal Rules. But § 425.16, the provision at issue here, is an exception. Section 425.16 is California's "anti-SLAPP" law. It provides that claims based on the defendant's speech or petitioning activity "shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." California Code of Civil Procedure § 425.16(b)(1).

2

By requiring the plaintiff to show a "probability" of success, § 425.16 imposes a more demanding standard than Rule 12 or Rule 56. Similarly, by directing the court to "consider the pleadings, and supporting and opposing affidavits stating the facts" (*id.* § 425.16(b)(2)), the California procedure conflicts with Rule 12's provision that any consideration of "matters outside the pleadings" (i.e., evidence, as distinct from allegations) requires conversion from a Rule 12(b)(6) motion to dismiss into a Rule 56 summary judgment motion, in which scenario the plaintiff is generally entitled "to take discovery" to the extent necessary "to justify its opposition." Fed. R. Civ. P. 12(d), 56(d); *see Anderson*, 477 U.S. at 250 n.5.

The question here is whether California Code § 425.16 applies in this federal court.

**C.** The Supreme Court's decision in *Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.*, 559 U.S. 393 (2010), lays out the governing framework. That case dealt with New York Civil Practice Law § 901(b), a state law prohibiting class actions in suits for penalties or statutory minimum damages. *Id.* at 396. In federal court, the availability of class certification is governed by Federal Rule of Civil Procedure 23. The question in *Shady Grove* was whether, in a lawsuit under New York law brought in federal court (i.e., a diversity jurisdiction case), New York's § 901(b) precluded the federal judge from certifying a class even though the class satisfied Rule 23. *Id.*

Applying a two-part test, the Court held that § 901(b) did not apply. *See id.* at 398-06. The test is: (1) Does the Federal Rule of Civil Procedure "answer[] the question in dispute"? *Id.* at 398. And, if so, (2) is the Federal Rule valid under the U.S. Constitution and the federal Rules Enabling Act? *Id.* If the Federal Rule both "answers the question in dispute" and is valid, then "it governs—New York's law notwithstanding." *Id.*

3

At the first step, "[t]he question in dispute [was] whether Shady Grove's suit may proceed as a class action." *Id.* And "Rule 23 provides an answer," for it "states that '[a] class action may be maintained' if two conditions are met." *Id.* "By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* And, "[b]ecause [the New York law] attempts to answer the same question—i.e., it states that Shady Grove's suit 'may *not* be maintained as a class action' … —it cannot apply in diversity suits unless Rule 23 is ultra vires." *Id.* at 399. As for the second step (the validity of Rule 23), the Supreme Court has "rejected every statutory challenge to a Federal Rule that has come before us" and likewise rejected the challenge to Rule 23. *Id.* at 407-08.

**D.** The *Shady Grove* framework makes clear that the California procedure does not apply in federal court (even assuming that the underlying claims arise under California law and even if an Illinois *state* court might apply the California procedure). As shown above, Federal Rules 12 and 56 govern whether a claim can be thrown out pre-trial. In other words, they "answer[] the question in dispute": Whether the Complaint's state-law claims should be thrown out.

The Federal Rules therefore govern, to the exclusion of California's § 425.16, unless the Federal Rules are invalid. And no one could seriously dispute the validity of Rules 12 and 56. Defendants do not even purport to do so.

In the years since *Shady Grove*, federal courts applying its framework have repeatedly rejected application of California's anti-SLAPP statute and other states' similar anti-SLAPP laws:

- "[W]e hold that California's anti-SLAPP statute is inapplicable in federal court because it increases a plaintiff's burden to overcome pretrial dismissal, and thus conflicts with Federal Rules of Civil Procedure 12 and 56." *La Liberte v. Reid*, 966 F.3d 79, 83, 85-89 (2d Cir. 2020).

- "Because the [Texas anti-SLAPP law's] burden-shifting framework imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court." *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019).

4

- "Rules 8, 12, and 56 express 'with unmistakable clarity' that proof of probability of success on the merits 'is not required in federal courts' to avoid pretrial dismissal, and that the evidentiary sufficiency of a claim should not be tested before discovery. But the relevant provisions of the Georgia anti-SLAPP statute explicitly require proof of a probability of success on the merits without the benefit of discovery. There is a 'direct collision' between the Federal Rules and the motion-to-strike provision of the Georgia statute." *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1349-57 (11th Cir. 2018) (quoting *Hanna v. Plumer*, 380 U.S. 460, 470, 472 (1965)).

- "Federal Rules 12 and 56 answer the same question as the D.C. Anti-SLAPP Act, and those Federal Rules are valid under the Rules Enabling Act. A federal court exercising diversity jurisdiction therefore must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision." *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1331-37 (D.C. Cir. 2015) (Kavanaugh, J.).

- Washington State's anti-SLAPP law "conflicts with Rule 12(d) and Rule 56 by restricting a plaintiff's 'procedural right to maintain [an action]' established by the federal rules and therefore cannot be applied by a federal court sitting in diversity." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1041-55 (N.D. Ill. 2013) (quoting *Shady Grove*, 559 U.S. at 401 n.4).[1]

These decisions provide thorough, compelling analyses, and Plaintiff respectfully refers the Court to their discussions rather than repeating them in detail here.

**E.** The Ninth Circuit reached the opposite conclusion in a pre-*Shady Grove* decision, *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999). As more recent precedents recognize, though, "*Newsham* is no longer good law (to the extent it ever was) in light of the Supreme Court's intervening decision in *Shady Grove*." *La Liberte*, 966 F.3d at 87 n.4; *see Carbone*, 910 F.3d at 1356; *Abbas*, 783 F.3d at 1335-36; *Intercon*, 969 F. Supp. 2d at 1048-53. The Seventh Circuit, with the benefit of intervening precedents like *Shady Grove*, *La Liberte*, and *Abbas*, would not repeat the Ninth Circuit's mistake.

---

[1] By the time the Seventh Circuit issued its decision affirming the district court in *Intercon*, Washington State's supreme court had struck down the state's anti-SLAPP law under the state constitution, and the Seventh Circuit therefore affirmed on that ground rather than reviewing the district court's application of *Shady Grove*. *See* 791 F.3d 729 (7th Cir. 2015).

5

Indeed, even before *La Liberte* and *Abbas*, judges within the Ninth Circuit were recognizing that "*Newsham* is wrong and should be reconsidered." *Makaeff v. Trump University, LLC*, 715 F.3d 254, 272-75 (9th Cir. 2013) (Kozinski, C.J., concurring); *see also Makaeff v. Trump University*, 736 F.3d 1180, 1188-92 (9th Cir. 2013) (Watford, J., dissenting from the denial of rehearing en banc) ("We should have taken this case en banc to bring our case law in line with *Shady Grove*"). Plaintiff adopts their reasoning rather than copy it all out here.

And, even in the Ninth Circuit, the winds of change are rising. Last year, a Ninth Circuit panel directed the parties "to file supplemental briefs addressing whether the case should be reheard en banc to reconsider … whether California's anti-SLAPP statute applies in federal court." *Martinez v. ZoomInfo Technologies, Inc.*, No. 22-35305 (9th Cir.), Dkt. 76. In January 2024, following receipt of the parties' supplemental briefs—which *both* argued *against* en banc rehearing (*id.*, Dkts. 77, 78)—the Ninth Circuit ordered: "Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 35(a) and Circuit Rule 35-3. The three-judge panel opinion is vacated." 90 F.4th 1042, 1042 (9th Cir. 2024). The docket indicates that the en banc argument has been delayed as the parties discuss potential settlement. But the grant of en banc review makes clear that the Ninth Circuit is now determined to reconsider *Newsham*, whether in *Martinez* or in another case. Particularly given the trend in the case law since *Shady Grove*, common sense suggests that the Ninth Circuit will abandon *Newsham* in favor of what is now the clear majority position among the courts of appeals.[2]

---

[2] Defendants suggest that *Global Relief Foundation v. New York Times Co.*, 2002 WL 31045394 (N.D. Ill. 2002), supports application of the California law. Actually, *Global Relief*—which was

6

**F.** Given that Defendants' motion to strike just parrots the same arguments made in their Rule 12(b)(6) motion to dismiss, one might reasonably wonder why Defendants have burdened the Court with the motion to strike in the first place. Plaintiff will briefly address the two apparent motivations.

*First*, Defendants seek attorney fees, urging that "[w]here a defendant prevails on an anti-SLAPP motion, an award of attorneys' fees and costs is mandatory." Dkt. 22 at 25. The California law indeed provides that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." California Code of Civil Procedure § 425.16(c)(1). Here, though, Defendants cannot possibly "prevail[] … on [their] special motion to strike" because federal procedure does not even allow for such a motion. As the Fifth Circuit, Second Circuit, and D.C. Circuit have explained, that means that Defendants would have no right to attorney fees even if they were to prevail on the parallel arguments in their Rule 12(b)(6) motion. *See Klocke*, 936 F.3d at 247 n.6; *La Liberte*, 966 F.3d at 88-89; *Abbas*, 783 F.3d at 1337 n.5.

*Second*, under California law, "[a]n order granting or denying a special motion to strike shall be appealable." California Code of Civil Procedure § 425.16(*i*). By contrast, with exceptions not relevant here, the denial of a motion under Federal Rule 12 or 56 is not appealable. It may be that Defendants hope to delay Plaintiff's case against them, and attendant discovery, by filing a purported interlocutory appeal under either § 425.16(*i*) or the collateral-order doctrine.

In response, Plaintiff notes that a purported appeal under either theory would be sanctionably frivolous for the reasons given by the Seventh Circuit in *Intercon Solutions*, 791 F.3d

---

decided long before *Shady Grove* in any event—expressly *declined* to decide whether the California law applies in federal court because the motion to strike there failed in any event. *Id.* at *12 ("*Assuming* that the Anti-SLAPP statute may be applied in this case, this Court is unconvinced that it requires dismissal of this action." (emphasis added)).

7

at 731 ("state statutes cannot expand (or contract) federal jurisdiction," and an anti-SLAPP motion, "far from being 'collateral' to the merits, is an effort to win outright").

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to strike. If the Court disagrees, then it should deny the motion to strike on the merits for the reasons given in Plaintiff's opposition to Defendants' Rule 12(b)(6) motion to dismiss.[3]

Finally, because Defendants chose not to grapple with the applicability of the California procedure to federal court proceedings in their motion, thereby depriving Plaintiff of the opportunity to respond to their arguments here, Plaintiff anticipates seeking leave to file a sur-reply if Defendants file a reply addressing this threshold issue for the first time.

Respectfully submitted,

/s/ Ashwin J. Ram

Frank Fletcher
General Counsel
J-M Manufacturing Company, Inc.
d/b/a JM Eagle
5200 West Century Boulevard
Los Angeles, CA 90045

Ashwin J. Ram
Steptoe LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300
aram@steptoe.com

Mark C. Savignac
Steptoe LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
msavignac@steptoe.com

October 2, 2024

---

[3] Even in the Ninth Circuit, which continues to apply the California procedure in federal court, a motion to strike that (like the one here) challenges a complaint's legal sufficiency is reviewed under the Rule 12(b)(6) standard, and a motion to strike that challenges evidentiary sufficiency cannot be granted without first giving the plaintiff an opportunity to take discovery. *See Planned Parenthood Federation v. Center for Medical Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

8