IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMMONS HANLY CONROY, LLP, NICOHLAS ANGELIDES, PERRY BROWDER, AMY GARRETT, BENJAMIN GOLDSTEIN, SUVIR DHAR, CRYSTAL FOLEY, DEBORAH ROSENTHAL, STAN JONES, and JOHN AND JANE DOES 1-25,<br><br>    Defendants. | Case No. 1:24-cv-03853<br><br>Judge Robert W. Gettleman<br><br>**ORAL ARGUMENT REQUESTED** |

**SURREPLY IN OPPOSITION TO "SPECIAL MOTION TO STRIKE"**

Defendants—an Illinois law firm and individuals including attorneys barred and based in Illinois—seek to evade liability for violations of Illinois law by claiming a *California-law* immunity that Illinois law undisputedly does not confer, thereby eviscerating Illinois' strong public policy in overseeing the fraudulent misconduct of its resident lawyers and law firms.

In their reply in support of their California anti-SLAPP motion (Dkt. 41), Defendants address for the first time the glaring threshold question of whether California's anti-SLAPP law applies in federal court. Because Plaintiff had no prior opportunity to respond to Defendants' arguments on this threshold issue, Plaintiff respectfully submits this surreply.

    **A.**     ***Shady Grove.*** Defendants dismiss *Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.*, 559 U.S. 393 (2010), as a "4-4-1 fractured decision." Reply 1. But the portion of the decision that Plaintiff relies on commanded a majority and is binding precedent.

1

Defendants later admit as much: "In the portion of the opinion joined by five justices, the Court held that [the Federal Rule] and the state law were in conflict, and that [the Federal Rule] supersedes a contrary provision of state law if the Rule is a valid exercise of authority" under the Rules Enabling Act. Reply 3; *see, e.g.*, *Shady Grove*, 559 U.S. at 398; *Burlington Northern Railroad Co. v. Woods*, 480 U.S. 1, 4-5 (1987) (same). In short, "[w]hen a federal rule conflicts with a state law … , the federal rule governs." *Birch/Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1251 (7th Cir. 2022) (citing *Shady Grove*).

As numerous courts of appeals have recognized (*see* Opp. 4-5), the anti-SLAPP law and Rule 12 are plainly "in conflict" in the relevant sense: They both "answer the same question" (*Shady Grove*, 559 U.S. at 399) of whether a claim can proceed toward trial, but they impose different standards. The anti-SLAPP law asks whether the judge thinks that success for the plaintiff is "probable," whereas Rule 12 asks only whether his claim is "plausible," which is emphatically *not* a probability standard. *See* Opp. 2; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Since Rule 12 and the anti-SLAPP law give different answers to the same question, the anti-SLAPP law "cannot apply in diversity suits unless Rule [12] is ultra vires." *Shady Grove*, 559 U.S. at 599. And Defendants do not (and could not) contend that Rule 12 is somehow invalid.

**B.    Substantive vs. procedural state laws.** Defendants insist that the anti-SLAPP law's "probability" standard "is substantive in nature and thus can be enforced in federal court." Reply 2. The argument is wrong on its own terms; the test for whether a claim can proceed to trial is a quintessential matter of procedure. But Defendants' argument also misunderstands the governing law. Whether a state law qualifies as "substantive" rather than "procedural" is the test for determining whether federal *judge-made rules* (i.e., federal common law) can supplant state law under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). *See also* Reply 9 n.6 (citing *Erie*).

2

But that is not the question here. Where an Act of Congress applies, it preempts conflicting state rules under the Supremacy Clause *regardless* of whether the state rule is "procedural" or "substantive." The same is true where a Federal Rule applies, for "[t]he Federal Rules are 'as binding as any statute duly enacted by Congress.'" *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)). And Federal Rule of Civil Procedure 1 declares that the Federal Rules shall "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81" (which is inapplicable here). That is why, in federal court, a Federal Rule *always* prevails over a state law that answers the same question, so long as the Federal Rule is valid (which, again, is not disputed here). *See Hanna v. Plumer*, 380 U.S. 460, 469-74 (1965) (rejecting "the incorrect assumption that the rule of *Erie* … constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule"); *Love v. United States*, 17 F.4th 753, 756 (7th Cir. 2021) ("the federal rules prevail over an inconsistent state rules, no matter how much the difference between state and federal rules affects the outcome" (citing *Shady Grove*)).

In short, it does not matter whether the California law is characterized as "substantive" or "procedural" under *Erie*, for "[w]e do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." *Albright v. Christensen*, 24 F.4th 1039, 1048-49 (6th Cir. 2022) (quoting *Shady Grove*, 559 U.S. at 398); *see also Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1042, 1051, 1053 (N.D. Ill. 2013), *aff'd on other grounds by* 791 F.3d 729 (7th Cir. 2015). And, while Defendants raise the specter of "forum shopping" (Reply 9 n.6), that simply is not a relevant consideration when a state law conflicts with a Federal Rule. *See id.* at 1054-55.

**C.** **Courts of appeals.** Defendants concede that most courts of appeals to address the issue post-*Shady Grove* have held that anti-SLAPP laws like California's do not apply in federal

3

court. *See La Liberte v. Reid*, 966 F.3d 79, 83, 85-89 (2d Cir. 2020) (California anti-SLAPP law); *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) (Texas anti-SLAPP law); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1349-57 (11th Cir. 2018) (Georgia anti-SLAPP law); *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1331-37 (D.C. Cir. 2015) (Kavanaugh, J.) (D.C. anti-SLAPP law).

Defendants respond that, while the Second Circuit directly addressed California's anti-SLAPP law in *La Liberte*, the other three cases dealt with other states' anti-SLAPP laws. Reply 10. It is not clear why Defendants think this matters. They do not point to any difference between the California law and the laws addressed by the 5th, 11th, and D.C. Circuits. And those decisions rely on one another, making clear that the courts of appeals did not perceive any material difference, either. *See, e.g.*, *La Liberte*, 966 F.3d at 86-88 (relying on then-Judge Kavanaugh's opinion in *Abbas* to hold that the California anti-SLAPP law does not apply in federal court). Moreover, most of the cases that Defendants rely on—including the *only* post-*Shady Grove* appellate ruling that supports Defendants' position—also addressed non-California laws. *See Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010) (Maine anti-SLAPP law); *Trudeau v. ConsumerAffairs.com, Inc.*, 2011 WL 3898041 (N.D. Ill. 2011) (Illinois anti-SLAPP law); *Chi v. Loyola University Medical Center*, 797 F. Supp. 2d 797 (N.D. Ill. 2011) (same).

Defendants rely mainly on Ninth Circuit cases going back to *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999). But that decision long predates *Shady Grove*, and, as numerous other courts of appeals have recognized, is inconsistent with *Shady Grove*. *See* Opp. 5 (citing cases). Defendants note (at 8) that a Ninth Circuit panel declined to hold that *Newsham* was "clearly irreconcilable" with *Shady Grove*, but the question there was not whether *Newsham* is correct but whether it is so clearly incorrect that a later Ninth Circuit panel could reject it without going through the usual en banc process for overruling circuit precedents.

4

*See CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136, 1138, 1141 (9th Cir. 2022). Unlike a Ninth Circuit panel, this Court is not bound by erroneous Ninth Circuit precedents.

Anyway, as Plaintiff has shown, Ninth Circuit judges across the ideological spectrum have explained that "*Newsham* is wrong and should be reconsidered" by the en banc Ninth Circuit. Opp. 6 (citing cases). And the majority of the Ninth Circuit has heeded that call, recently ordering an en banc rehearing to reconsider *Newsham*. *See Martinez v. ZoomInfo Technologies, Inc.*, 90 F.4th 1042, 1042 (9th Cir. 2024); Opp. 6. In a footnote, Defendants pretend that *Martinez* only addresses other issues and does not call *Newsham* into question. *See* Reply 9 n.5. That is simply false: As Defendants know, a stated purpose of the en banc rehearing ordered in *Martinez* is to "reconsider … whether California's anti-SLAPP statute applies in federal court." *Martinez*, No. 22-35305, Dkt. 76. There is little doubt that the Ninth Circuit will join the majority position.

**D.** ***Intercon Solutions***. Defendants would have this Court ignore the clear weight of appellate authority in favor of "in-circuit district court decisions." Reply 1. As Plaintiff has shown, however, the most thorough on-point decision from this district—*Intercon Solutions, Inc. v. Basel Action Network*—squarely rejects Defendants' position. *See* 969 F. Supp. 2d at 1041-55.

Seeking to sow confusion, Defendants respond that *Intercon* actually "granted an anti-SLAPP motion under Washington state's anti-SLAPP statute." Reply 1. This statement is deliberately misleading. *Intercon* dismissed a portion of the plaintiff's state-law claim *under Federal Rule 12* because the claim targeted statements for which the defendants had absolute immunity under Washington law. *See* 969 F. Supp. 2d at 1036-39, 1051, 1067. Plaintiff agrees that a federal court may dismiss a state-law claim *under Rule 12* if a state-law immunity forecloses the claim (though, as Plaintiff has shown, Illinois rather than California law governs here). *See* Dkt. 31 at 36-39. But the question here is whether a federal court may consider a "special motion

5

to strike" under a state anti-SLAPP law that imposes a "probability of success" standard. And *Intercon* answers *that* question with a resounding "No." *See* 969 F. Supp. 2d at 1041-55.[1]

E. **Other district court decisions.** Defendants invoke three other rulings from courts in this District, but their reliance is misplaced. *See* Reply 4-5, 7-8.

*Chi* and *Trudeau* both erroneously apply an *Erie* substance/procedure analysis rather than asking whether the anti-SLAPP law answers the same question as Rule 12. *See* 2011 WL 3898041, at *5; 787 F. Supp. 2d at 808-09. As shown above, where a Federal Rule answers the same question addressed by a state law (here, whether a claim can proceed to trial), the Federal Rule prevails—and "[w]e do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." *Albright*, 24 F.4th at 1048-49 (quoting *Shady Grove*, 559 U.S. at 398). *Intercon* made this very point: "the courts reached their holdings by essentially doing exactly what *Shady Grove* advised against—diving into *Erie*'s murky waters to determine whether the state law in question is procedural or substantive without ever assessing in the first place whether the Federal Rules provide an answer to the question in dispute." 969 F. Supp. 2d at 1053.

Defendants' third case, *Osundario v. Geragos*, 447 F. Supp. 3d 727 (N.D. Ill. 2020), never analyzes whether California's anti-SLAPP law applies in federal court; it appears that this point was not disputed. Thus, *Osundario* never addresses *Shady Grove*, *Intercon*, or any of the appellate cases applying *Shady Grove* to anti-SLAPP laws. Rather, *Osundario* takes for granted that state anti-SLAPP laws apply in federal court and considers only (1) whether to apply Illinois law or California law, and (2) the standard imposed by the California law "when applied by a federal

---

[1] Defendants also pretend that *Intercon* merely distinguished Defendants' cited authorities rather than rejecting them. Reply 6. That is wrong. While *Intercon* mentions one difference between the California and Washington anti-SLAPP laws, it expressly disagrees with the Ninth Circuit and the other cases that Defendants rely on. *See* 969 F. Supp. 2d at 1052.

court sitting in diversity." 447 F. Supp. 3d at 743-44. Since *Osundario* never actually analyzed the question at issue here, it does Defendants no good.

**F.     Rewriting the California law.**  Notably, Defendants do not dispute that the California anti-SLAPP law's "probability" standard directly conflicts with Rule 12's plausibility standard—even though conflict is the dispositive question under *Shady Grove*. *See* Reply 7, 9 (conceding that the federal plausibility standard is "less onerous").  Rather, Defendants suggest that this Court should avoid the conflict by rewriting the California law to impose the same plausibility standard imposed by Rule 12 and *Iqbal*. *See* Reply 7-10.  But a federal court has no license to rewrite the clear terms of a state law—such as the anti-SLAPP law's probability requirement—even if the rewriting would avoid a conflict with federal law.

*Shady Grove* made this point explicitly, explaining that "concern for state prerogatives is frustrated rather than furthered by revising state laws when a potential conflict with a Federal Rule arises; the state-friendly approach would be to accept the law as written and test the validity of the Federal Rule."  559 U.S. at 403-04; *see also id.* at 403 ("The manner in which the law 'could have been written' has no bearing; what matters is the law the Legislature *did* enact.  We cannot rewrite that to reflect our perception of legislative purpose.").  No wonder, then, that the Second, Fifth, Eleventh, and D.C. Circuits have all rejected application of anti-SLAPP laws in federal court rather than rewriting those laws to mirror the Federal Rules.  *See also Intercon*, 969 F. Supp. 2d at 1053 (finding that the anti-SLAPP law and Federal Rule 56 "cannot be reconciled").

**G.     Attorney fees.**  Finally, Defendants argue that they can recover attorney fees under the anti-SLAPP law because "[t]he portion of the anti-SLAPP statute providing for attorneys' fees is substantive and enforceable." Reply 14-15.  By its terms, though, the anti-SLAPP law provides fees only for "a prevailing defendant *on a special motion to strike*." California Code of Civil

7

Procedure § 425.16(c)(1) (emphasis added).  Because Defendants cannot file a California-law "special motion to strike" in federal court, they cannot *prevail* on such a motion, and so they cannot qualify for attorney fees under the plain text of the law.  Several courts of appeals have reached the same conclusion.  *See* Opp. 7 (collecting cases).

It is therefore irrelevant whether or not California could create an entitlement to fees that would be enforceable in federal court in, say, every case where the defendant prevails based on litigation immunity.  California has not attempted to do that.  *See Shady Grove*, 559 U.S. at 403 ("The manner in which the law 'could have been written' has no bearing; what matters is the law the Legislature *did* enact.  We cannot rewrite that to reflect our perception of legislative purpose.")

\*     \*     \*

Countless appellate precedents make clear that "federal rules govern the procedure for litigation in federal court."  *AsymaDesign, LLC v. CBL & Associates*, 103 F.4th 1257, 1259 (7th Cir. 2024) (citing *Shady Grove*).  The anti-SLAPP motion should be denied.

Respectfully submitted,

/s/ Ashwin J. Ram

| | |
|---|---|
| Frank Fletcher<br>General Counsel<br>J-M Manufacturing Company, Inc.<br>d/b/a JM Eagle<br>5200 West Century Boulevard<br>Los Angeles, CA 90045<br><br><br><br><br><br>November 12, 2024 | Ashwin J. Ram<br>Steptoe LLP<br>227 West Monroe, Suite 4700<br>Chicago, IL 60606<br>(312) 577-1300<br>aram@steptoe.com<br><br>Mark C. Savignac<br>Steptoe LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>msavignac@steptoe.com |