UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC., | |
| Plaintiff, | Hon. Robert W. Gettleman |
| v. | CASE NO. 1:24-CV-03853 |
| SIMMONS HANLY CONROY LLP, NICHOLAS ANGELIDES, PERRY BROWDER, AMY GARRETT, BENJAMIN GOLDSTEIN, SUVIR DHAR, CRYSTAL FOLEY, DEBORAH ROSENTHAL, STAN JONES, AND JOHN AND JANE DOES 1–25, | JURY TRIAL DEMANDED |
| | ORAL ARGUMENT REQUESTED |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SURREPLY**

J-MM's motion for leave to file a surreply, filed more than two weeks after Defendants' reply, is a transparent attempt to have the final word. Defendants did not raise new arguments in their reply, and the proposed surreply rehashes the same arguments J-MM made in its opposition to Defendants' anti-SLAPP motion. J-MM's motion for leave should therefore be denied.

1. Absent a "valid reason" such as "new arguments in a reply brief," courts disfavor surreplies. *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011). If a reply brief was "consistent with the reasoning put forward in [the] initial brief," *Alipourian-Frascogna v. Airways*, No. 21-cv-0001, 2023 WL 5934897, at *6 (N.D. Ill. Sept. 12, 2023), and "[e]ach brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it," *Franek v. Walmart Stores, Inc.*, Nos. 08-cv-0058 & 08-cv-1313, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009), there is no need for a surreply. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 857 (N.D. Ill. 2015) (denying leave for a surreply where "Plaintiffs' aim was not

to correct errors in [Defendant's] reply brief, but rather to respond (again) to [Defendant's] core arguments.").

2. The Court should deny J-MM's motion for leave to file a surreply. J-MM's aim is not to respond to "new arguments in [Defendants'] reply brief," *Meraz-Camacho*, 417 F. App'x at 559, but "rather to respond (again)" to Defendants' core arguments, *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 857. It should be prohibited from using the proposed surreply simply to get "the final word." *Belcastro v. United Airlines, Inc.*, No. 17-cv-1682, 2019 WL 1651709, at *14 (N.D. Ill. Apr. 17, 2019).

3 J-MM's justification for the proposed surreply is that Defendants' reply purportedly addressed "for the first time the glaring threshold question of whether the anti-SLAPP law applies in federal court." Dkt. 44-1 at 1. This is simply incorrect. From their opening brief onwards, Defendants stated their position that California's anti-SLAPP law applies in federal court. As an example, in their anti-SLAPP motion, Defendants argued:

> Courts in this District have recognized that defendants may bring a special motion to strike pursuant to California's anti-SLAPP statute in federal court, *see, e.g.*, *Global Relief*, 2002 WL 31045394, at *11–12, if California law applies and the motion "is consistent with the standards of [Federal Rules of Civil Procedure] 12 and 56," *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1050 (N.D. Ill. 2013); *accord United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970–73 (9th Cir. 1999); *see also Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206–07 (9th Cir. 2005) (reversing district court for failing to apply anti-SLAPP statute).

Dkt. 22 at 6.

4. Each subsequent brief then "fairly responded to the arguments in the brief that preceded it." *Franek*, 2009 WL 674269, at *19 n.14. Contrary to J-MM's characterization that it had "no prior opportunity to respond to" California anti-SLAPP statute's applicability in federal court, Dkt. 44 at 1, J-MM's 8-page opposition brief was dedicated *entirely* to that issue. For instance, it argued that "California Code of Civil Procedure § 425.16 cannot be applied in this

2

federal court proceeding—even if Plaintiff's state-law claims are governed by the substantive law of California (which, as explained in opposition to the motion to dismiss, they are not)." Dkt. 32 at 1–2. Defendants then fairly responded to that argument, using their reply to explain that courts in this district have applied anti-SLAPP statutes in line with the federal rules. Dkt. 41 at 9 (explaining that, regardless of whether the court treats the anti-SLAPP statute's burdens of proof as substantive and applicable in federal court, or applies a Rule 12(b)(6) standard to the second step of the anti-SLAPP inquiry, J-MM's claims do not withstand scrutiny).

5. J-MM's proposed surreply retreads its same arguments. It repeats that, under *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), the Court cannot apply California's anti-SLAPP law because its probability standard conflicts with Rule 12's plausibility standard. *Compare* Dkt. 44-1 at 1–3, 7, *with* Dkt. 32 at 2–4. It cites the same out-of-Circuit decisions. *Compare* Dkt. 44-1 at 3–4, *with* Dkt. 32 at 4–5. And it reasserts that this Court should not consider Ninth Circuit precedent because J-MM believes it will be overturned. *Compare* Dkt. 44-1 at 4–5, *with* Dkt. 32 at 5–6. The only thing even arguably new is J-MM's response to specific in-district cases discussed by Defendants in their reply, which J-MM urges this Court to construe narrowly. But the Court is quite capable of determining the state of the law and does not need the assistance of J-MM's surreply to do so. *Cf. Duerr v. Bradley Univ.*, 590 F. Supp. 3d 1160, 1165 (C.D. Ill. 2022) (denying leave where surreply was "unnecessary given that the Court is in possession of the [necessary materials]").

For these reasons, Simmons Hanly respectfully requests that this Court deny Plaintiff's motion for leave to file a surreply in its entirety.

Dated: November 13, 2024

Respectfully submitted,

*/s/ John R. Storino*

Reid J. Schar (6243821)
John R. Storino (6273115)
Andrianna D. Kastanek (6286554)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rschar@jenner.com
jstorino@jenner.com
akastanek@jenner.com

Kirsten H. Spira (*pro hac vice*)
JENNER & BLOCK LLP
2029 Century Park East
Suite 1450
Los Angeles, CA 90067-2901
Tel: (213) 239-6900
kspira@jenner.com

Amit B. Patel (6309876)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Tel: (212) 891-1600
apatel@jenner.com