**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

J-M MANUFACTURING COMPANY, INC.,

      Plaintiff,

    v.

SIMMONS HANLY CONROY, LLP,
NICHOLAS ANGELIDES, PERRY
BROWDER, AMY GARRETT, BENJAMIN
GOLDSTEIN, SUVIR DHAR, CRYSTAL
FOLEY, DEBORAH ROSENTHAL, STAN
JONES, and JOHN AND JANE DOES 1-25,

      Defendants.

Hon. Robert W. Gettleman

Case No. 1:24-cv-03853

## PLAINTIFF J-M MANUFACTURING COMPANY, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

In *Uber Technologies, Inc. v. Simon & Simon P.C.*, the district court recently denied a motion to dismiss RICO claims against a law firm alleged to have "orchestrated a scheme to generate and litigate fraudulent personal injury claims in Philadelphia courts arising from motor vehicle accidents[.]" 2026 WL 1284178, *4 (E.D. Pa. May 11, 2026). Noting that plaintiff Uber had pled "a fraudulent scheme of predicate wire and mail fraud," the court found that "no bar or immunity" merited dismissal on the pleadings. *Id.* at *5.

The *Uber Technologies* court rejected multiple defense arguments. First, the court rebuffed a *Noerr-Pennington* defense, holding that "a lawyer and his experts cannot create false documents under the guise of the Petition Clause and then be immune for their fraud." *Id.* at *24. The doctrine's sham-litigation exception applied, the court explained, because plaintiff Uber "plausibly allege[d] a pattern of litigation aimed at obtaining settlements rather than securing relief based on

- 1 -

the underlying merits." *Id.* at \*10. The court found that the second *Noerr-Pennington* exception—for fraudulent misrepresentations—also applied because Uber alleged "the use of allegedly fabricated evidence to file and maintain a case to extract settlements." *Id.* at \*12.

The *Uber Technologies* court was "not persuaded by the reasoning" in *Ford Motor Company v. Knight Law Group*, 2025 WL 3306280 (C.D. Cal. Nov. 24, 2025). *Uber Technologies*, 2026 WL 1284178 at \*12. Noting that the attorney-defendants in *Ford* filed apparently meritorious claims, and falsified only their own fee statements, the *Uber Technologies* court found *Ford*'s rationale inapplicable. *Id*. The outcome in *Ford*, the *Uber Technologies* court reasoned, could not be countenanced in a case where "the misrepresentations went to the factual predicate of" the underlying litigation. *Id.*

The *Uber Technologies* court also rejected an argument that mail or wire fraud committed in the context of litigation cannot qualify as a RICO predicate. *Uber Technologies*, 2026 WL 1284178 at \*21. The *Uber Technologies* court reasoned that the "policy concerns underlying" *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018), were "not implicated" in a case alleging systematic fraud:

> Recognizing liability here does not risk transforming every unsuccessful lawsuit into a racketeering claim or a retaliatory action. Nor does it displace existing sanctions regimes governing ordinary litigation misconduct. Uber alleges a systemic mass scheme across numerous cases and actors, for which case-by-case sanctions would not provide a meaningful remedy.

*Id.* at \*21.

- 3 -

May 19, 2026                                Respectfully submitted,


                                            /s/ Andrew C. Erskine
                                            Ashwin J. Ram
                                            Andrew C. Erskine
                                            Buchalter LLP
                                            180 N. LaSalle St., Suite 2300
                                            Chicago, IL 60601
                                            213-891-5035
                                            aram@buchalter.com
                                            aerskine@buchalter.com

                                            Frank Fletcher
                                            General Counsel
                                            J-M Manufacturing Company, Inc.
                                            d/b/a JM Eagle
                                            5200 West Century Boulevard
                                            Los Angeles, CA 90045

                                            *Counsel for J-M Manufacturing Company, Inc.*