**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| J-M MANUFACTURING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIMMONS HANLY CONROY LLP, JOHN SIMMONS, NICHOLAS ANGELIDES, PERRY BROWDER, AMY GARRETT, BENJAMIN GOLDSTEIN, SUVIR DHAR, CRYSTAL FOLEY, DEBORAH ROSENTHAL, STAN JONES, SOKOLOVE LAW, LLC AND JOHN AND JANE DOES 1–25,<br><br>Defendants. | ) | Hon. Robert W. Gettleman<br><br>Case No. 1:24-CV-03853 |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the district court's order dismissing of *Uber Techs., Inc. v. Wingate, Russotti, Shapiro, Moses, and Halperin, LLP, et al.*, No. 25-cv-00522-OEM-VMS (E.D.N.Y.), on August 14, 2026, which is directly relevant to Defendants' pending motion to dismiss the amended complaint. Dkt. 79, 80.

In *Uber Techs.,* the plaintiff (Uber) alleged a scheme wherein law firm and lawyer defendants referred passengers in minor vehicle collisions to doctors and paid excessive compensation in exchange for false diagnoses, treatments, and statements to fraudulently manufacture a claim of serious injury. *See* No. 25-cv-00522-OEM-VMS, Dkt. 118 at 3 (attached as Ex. A).[1] According to Uber, the defendants allegedly used these false claims to induce large

[1] The decision is also available at 2026 WL 2364217.

financial settlements from Uber, who was sued multiple times as a result of this alleged scheme. *Id.* at 3–4. The district court dismissed all four RICO claims, rejecting both Uber's association-in-fact enterprise theory and its legal-entity enterprise theory.

***Association-in-fact enterprise***. The court held that Uber failed to plausibly allege that the defendants "acted with a common purpose to bribe each other or defraud Uber." *Id.* at 9. Uber's own allegations undercut the theory: to show the doctors' compensation was "excessive," Uber pointed to a single example—a $36,500 fee against a $20,000 "median fee" for the same procedure. *Id.* at 9 n.4. The court called this conclusory and held that without more, the alleged payments looked like "benefits incidental to an ordinary and lawful client-referral relationship and third-party litigation financing of medical treatment," not bribes. *Id.* at 9. The referral and fee-sharing arrangements among the law firm defendants fared no better: the court found nothing "illegal or improper" about lawyers splitting fees when one firm refers a case to another. *Id.* at 10 (internal quotation marks and citation omitted).

***Legal-entity enterprise***. Uber alternatively alleged that law firm and doctor defendants operated two legal-entity enterprises: the "Gerling Institute Enterprise" and the "Pain Physicians NY Enterprise." *Id.* at 7–8. The court held that this theory requires more than participation that benefits an enterprise—it requires that the defendants "participated in the operation or management of the *enterprise*," not merely their own affairs. *Id.* at 15 (citing *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)) (emphasis added). Uber's allegations—that the law firms referred passengers to the doctors and arranged litigation funding for their treatment—didn't clear that bar. The court analogized this to routine professional services, "loans by banks, tax services by accountants, or legal services by attorneys," none of which constitutes running the enterprise. *Id.* at 16. Because Uber alleged only that the law firms "were engaged in their own affairs," not

the enterprises', it could not "plausibly allege control." *Id.* at 17. As to the doctor defendants, the court found no "plausible nexus between" the alleged racketeering behavior and the enterprises because Uber never connected the alleged bribes and fabricated evidence to anything the entities themselves did. *Id.* at 20.

***Conspiracy***. The RICO conspiracy count failed for the same reason, as it was based on "the same factual premise as its substantive RICO claim." *Id.* at 21.

Dated: August 28, 2026

Respectfully submitted,

JENNER & BLOCK LLP

By: *<u>/s/ John R. Storino</u>*
John R. Storino

Reid J. Schar (6243821)
John R. Storino (6273115)
Andrianna D. Kastanek (6286554)
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rschar@jenner.com
jstorino@jenner.com
akastanek@jenner.com

Amit B. Patel (6309876)
1155 Avenue of the Americas
New York, NY 10036-2711
Tel: (212) 891-1600
apatel@jenner.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2026, the foregoing document was caused to be served on the following via electronic mail:

Andrew C. Erskine
BUCHALTER LLP
180 North LaSalle Street, Suite 2300
Chicago, IL 60601-2808
(312) 980-5773
aerskine@buchalter.com

Ashwin J. Ram
BUCHALTER LLP
180 North LaSalle Street, Suite 2300
Chicago, IL 60601-2808
(312) 980-5760
aram@buchalter.com

By: /s/ John R. Storino