**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIMMONS HANLY CONROY, LLP, NICHOLAS ANGELIDES, PERRY BROWDER, AMY GARRETT, BENJAMIN GOLDSTEIN, SUVIR DHAR, CRYSTAL FOLEY, DEBORAH ROSENTHAL, STAN JONES, SOKOLOVE LAW, LLC, AND JOHN SIMMONS,<br><br>Defendants. | Hon. Robert W. Gettleman<br><br>CASE NO. 1:24-CV-03853<br><br>JURY TRIAL DEMANDED<br><br>**ORAL ARGUMENT REQUESTED** |

**MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS AS TO SOKOLOVE LAW, LLC**

## CONTENTS

INTRODUCTION .......... 1

BACKGROUND .......... 2

LEGAL STANDARD .......... 5

ARGUMENT .......... 5

A. The Amended Complaint Does Not Sufficiently Plead that Sokolove Conducted the Association-In-Fact Enterprise's Affairs. .......... 7

B. Sokolove Is Not Alleged to Have Committed Any Fraudulent Predicate Act, Much Less a Pattern. .......... 10

C. Sokolove's Alleged Fraud Did Not Directly Injure J-MM. .......... 11

CONCLUSION .......... 13

# TABLE OF AUTHORITIES

## CASES

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006)....................................... 4, 5, 7, 12, 13

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990) ................... 5

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001)............................................. 11

*Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990 (7th Cir. 2004) .......................... 12

*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir. 2009)................................................ 8

*Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998)............................ 5, 6, 7, 8, 9, 11

*Green v. Morningstar, Inc.*, No. 17 C 5652, 2018 WL 1378176 (N.D. Ill. Mar. 16, 2018)...... 4, 6

*Hemi Grp., LLC v. City of New York*, 559 U.S. 1 (2010) ....................................................... 12

*Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258 (1992).......................................................... 12

*Michalowski v. Rutherford*, 82 F. Supp. 3d 775 (N.D. Ill. 2015) ............................................... 5

*Midwest Grinding Co. v. Spitz*, 976 F.2d 1016 (7th Cir. 1992)................................................ 10

*Ratfield v. U.S. Drug Testing Lab'ys, Inc.*, 140 F.4th 849 (7th Cir. 2025).......................... 12, 13

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)............................................................................ 6

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246 (7th Cir. 1987).................................... 5

*Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732 (N.D. Ill. 2012) ..................... 12

*Stachon v. United Consumers Club, Inc.*, 229 F.3d 673 (7th Cir. 2000).................................... 9

*Uber Techs., Inc. v. Simon & Simon P.C.*, No. 25-5365, 2026 WL 1284178 (E.D. Pa. May 11, 2026)........................................................................................................................... 8

*United Food & Com. Workers Unions & Emps. Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849 (7th Cir. 2013) ...................................................... 5, 8, 9, 10

*United States v. Korando*, 29 F.3d 1114 (7th Cir. 1994) ........................................................ 10

## STATUTES

18 U.S.C. § 1962(c)........................................................................................................ passim

18 U.S.C. § 1962(d)........................................................................................................... 2, 5, 9

18 U.S.C. § 1964(c) ........ 5, 7, 12, 13

**RULES**

ABA Model Rule of Pro. Conduct 1.5 ........ 4, 10

Fed. R. Civ. P. 54(b) ........ 5

Fed. R. Civ. P. 9(b) ........ 6

Sokolove Law, LLC ("Sokolove") files this motion to join in the motion of the other Defendants for reconsideration of the Court's November 6, 2026 Memorandum Opinion and Order on Plaintiff J-M Manufacturing Company, Inc. ("J-MM")'s First Amended Complaint, Dkt.116 ("Op."), and for interlocutory review of that Order. Dkt.119. Sokolove files separately to further seek reconsideration on the ground that the Court erred in not dismissing the claims as to Sokolove specifically for the reasons explained below.

## INTRODUCTION

Section 1962(c) reaches a defendant who conducts an enterprise's affairs through a pattern of predicate racketeering activity that directly injures the plaintiff. 18 U.S.C. § 1962(c). Each element must be pleaded as to each defendant. The amended complaint pleads none of them as to Sokolove.

J-MM's theory is that Simmons Hanly Conroy, LLP ("SHC") lawyers defrauded it in asbestos cases through false testimony, discovery responses, and settlement correspondence. Sokolove is not alleged to have litigated any case against J-MM. In fact, J-MM itself acknowledges that Sokolove "does not litigate its own cases." Dkt.63 ("FAC") ¶¶ 83-86. Sokolove is also not alleged to have made a false statement to J-MM or to any court. Instead, per the Court's opinion, Sokolove's only link to the alleged fraud scheme is that Sokolove "generates leads through advertising," which SHC allegedly "converts … into fraudulent lawsuits," and that the two organizations "shar[e] office space and personnel." Op.24. In other words, every act of alleged fraud on J-MM occurred in litigation that Sokolove ***did not conduct***.

Advertising for clients and referring them to another firm is not unlawful, so it cannot be racketeering activity standing alone. It does not make the referring firm a participant in whatever its referral partner later does in court. Nor does J-MM allege that advertising to prospective clients

injured J-MM. Between an advertisement and J-MM's defense costs stand a claimant's decision to call Sokolove, a Sokolove referral to SHC, a decision to sue, and every alleged act of litigation misconduct by another firm. Yet, on J-MM's theory, every firm that advertises and refers a case becomes a RICO defendant for whatever the receiving firm later does in litigation. Section 1962(c) requires much more.

Defendants argued these points. *See* Dkt.80 ("Mot.") at 10, 11 n.6, 18-20, 25 n.14; Dkt.90 ("Reply") at 11-13. The Court did not address them. In denying the motion to dismiss, the Court discussed Sokolove in deciding whether Count II alleges an enterprise, Op.23-25, and in summarizing the alleged scheme, *id*. at 28. The Court did not decide whether an advertising-and-referral relationship, without more, suffices to plead that Sokolove conducted the enterprise's affairs through racketeering activity that directly injured J-MM. The Court should reconsider its ruling, conduct the required analysis, and dismiss Count II in its entirety and Count III as to Sokolove.

## BACKGROUND

The amended complaint pleads three RICO counts. Count I is a § 1962(c) claim based on an alleged "Simmons Hanly Enterprise" consisting of SHC and its attorneys. FAC ¶¶ 236-246; Op.7. Count II is a § 1962(c) claim against all defendants based on an association-in-fact enterprise consisting of SHC, Sokolove, and individual SHC attorneys. FAC ¶¶ 247-257; Op.8. Count III is a § 1962(d) conspiracy claim against all defendants. FAC ¶¶ 258-263; Op.8. Sokolove is named only in Counts II and III.

The allegations in the amended complaint specific to Sokolove are largely irrelevant to any alleged fraud against J-MM. In a section titled "Fraud Against Asbestos Plaintiffs," J-MM alleges that Sokolove engages in "false and misleading" advertising by representing to potential asbestos

plaintiffs that "the firm's attorneys will work on client matters," when it in fact "operates as a marketing firm that refers virtually all of the leads it generates to a network of outside attorneys." FAC ¶¶ 77-86. Under the section, "Fraud Against State Regulators," J-MM further alleges that Sokolove's corporate filings are "vague and deceptive" by representing to state regulators that outside attorneys, to whom Sokolove refers asbestos cases, are "members" of the firm. *Id.* ¶¶ 87-89.

Of course, J-MM is neither an asbestos plaintiff nor a state regulator. And under the section applicable to J-MM's claims—"Fraud Against Asbestos Defendants"—mentions of Sokolove are notably sparse. The amended complaint alleges that Sokolove "generate[s] high quality leads for Simmons Hanly," "carefully screens each new lead," and refers the prospective asbestos plaintiff to SHC. *Id.* ¶ 99. Then Sokolove exits the picture, as "Simmons Hanly's Asbestos Department are the means by which Defendants implement the scheme." *Id.* ¶ 100. Critically, nothing about Sokolove's referral process is alleged to be fraudulent. J-MM does not allege that Sokolove manufactures claims, coaches putative plaintiffs, or fabricates any evidence.

The mail and wire fraud that J-MM *does allege* as predicate acts consist mostly of litigation conduct—filing pleadings, discovery responses, deposition testimony, and settlement papers in asbestos cases against J-MM—that Sokolove took no part in. Mot.10. Notably, J-MM does not even allege which, if any, of the ten underlying cases referenced in the complaint by name were cases referred by Sokolove to SHC. And while the amended complaint pleads in a conclusory manner that "each Defendant was aware that the mails and interstate wires were regularly used to further the scheme" (FAC ¶ 231) and "each Defendant knew about and agreed to facilitate the overall purpose of the scheme" (*id.* ¶ 260), there are no specific allegations that Sokolove had knowledge of SHC's purported conduct. Indeed, J-MM identifies "Ricky LeBlanc" as Sokolove's

"sole attorney" and partner at SHC, *id.* ¶ 26, but does not allege that LeBlanc was involved in SHC's allegedly fraudulent litigation conduct or even had knowledge of it.

In moving to dismiss the RICO claims against Sokolove, Defendants argued, among other things, that:

- A referral arrangement, like that between Sokolove and SHC, is lawful and not evidence of an enterprise. Mot.19 (citing *Green v. Morningstar, Inc.*, No. 17 C 5652, 2018 WL 1378176, at *5 (N.D. Ill. Mar. 16, 2018)).

- Nothing in the amended complaint takes the SHC-Sokolove relationship beyond an "ordinary referral relationship among firms expressly permitted under governing ethical rules." *Id.* (citing ABA Model Rule of Pro. Conduct 1.5).

- Apart from the conclusory "common purpose" label, nothing in the amended complaint plausibly shows that Sokolove knew of any fraud in the representation of SHC clients. *Id.* at 20. In fact, Sokolove is not alleged to have been involved in litigating any of the ten asbestos cases the amended complaint identifies. *See id.* at 10, 11 n.6.

- The amended complaint identifies no fraud by Sokolove: no fraudulent advertisements, no misstatements to a client, and no misstatements to a court. *Id.* at 20 (noting that J-MM itself pleads that the referral arrangement was publicly disclosed on Sokolove's website) (citing FAC ¶ 80).

- J-MM does not allege that it relied on or was directly harmed by Sokolove's advertising or corporate filings. *Id.* at 25 n.14 (citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006)); Reply.13 (same).

As a result, Defendants argued, J-MM did not plausibly allege (i) an enterprise that included Sokolove, (ii) that Sokolove conducted the affairs of that enterprise as opposed to its own, or (iii) that Sokolove participated in any predicate acts of fraud. Mot.18-20; Reply.11-13.

The Court denied Defendants' motion to dismiss Counts I through III. As to Count II, the Court held that adding Sokolove cured the distinctness defect in the original complaint. Op.23-25. The Court further held that the amended complaint, including its allegations that Sokolove generates leads and refers cases to SHC, plausibly alleges an enterprise that functions as a continuing unit with a common purpose. *Id.* The Court did ***not*** address whether Sokolove conducted the enterprise's affairs through racketeering activity and did ***not*** identify any predicate

acts of fraud in which Sokolove was involved other than allegedly false advertising to potential clients, which did not cause harm to J-MM and cannot serve as a predicate act for J-MM's RICO claims.

**LEGAL STANDARD**

A court may revise an interlocutory order at any time before judgment adjudicating all claims. *See* Fed. R. Civ. P. 54(b). Reconsideration serves a "valuable function" where a court has "misunderstood a party," decided "outside the adversarial issues presented," or made "an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). It is also appropriate "to correct manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted).

**ARGUMENT**

To state a claim under § 1962(c) "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998) (cleaned up). The plaintiff must further establish that it was "injured in [its] business or property by reason of" each defendant's predicate acts. *Anza*, 547 U.S. at 453 (quoting 18 U.S.C. § 1964(c)). The Court's discussion of Sokolove in its order is limited to its conclusion that Sokolove is distinct from SHC. Op.23-25. But that holding answers only the "enterprise" element. *See United Food & Com. Workers Unions & Emps. Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 853 (7th Cir. 2013). The Court did ***not*** address Defendants' arguments that J-MM did not plausibly plead the other elements as to Sokolove. Mot.18-20; Reply.12-13. This defeats any § 1962(c) claim against Sokolove, and any conspiracy claim under § 1962(d) along with it. *See Michalowski v. Rutherford*, 82 F. Supp. 3d 775, 791 (N.D. Ill. 2015) ("Where a plaintiff fails to allege a claim under § 1962(c), however, the plaintiff's § 1962(d) claim

based on the same nucleus of operative facts fails as well."). The Court should reconsider its order, consider Defendants' arguments as to Sokolove, dismiss Count II in its entirety,[1] and dismiss Count III as to Sokolove.

***First***, under the "conduct" element, the defendant must have conducted or participated in the "direct[ion]" of an enterprise's affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). "[M]ere participation in the activities of the enterprise is insufficient; the defendant must participate in the operation or management of the enterprise." *Goren*, 156 F.3d at 727. This element is lacking here: The extent of Sokolove's involvement in the alleged enterprise is the referral of genuine asbestos plaintiffs to SHC. *See* Mot.18 (arguing that J-MM's allegations "do not establish that Sokolove was conducting the affairs of the alleged enterprise" (cleaned up)). And J-MM affirmatively pleads that any alleged fraudulent conduct—preparing case files, filing complaints, preparing witness testimony—occurred *after* Sokolove's referral was complete. *See* FAC ¶¶ 99-101.

***Second***, under the "pattern" and "racketeering" elements, a RICO defendant must direct or conduct the enterprise's affairs *through a pattern of racketeering activity*, *Goren*, 156 F.3d at 728, which requires at least two related and continuous predicate acts taken on behalf of the enterprise as opposed to on behalf of a defendant or in an individual capacity. Mot.19; Reply.12-13. And because the alleged predicate acts sound in fraud, Rule 9(b) requires J-MM to plead each defendant's participation in them with particularity. *Green*, 2018 WL 1378176, at *4. Here, Sokolove is not even alleged to have committed any fraud against J-MM, and all allegations against Sokolove that do sound in fraud—for example "deceptive advertising" or "vague and deceptive"

---

[1] Because Sokolove's inclusion in Count II is what provides the necessary "distinctness" under the enterprise element, dismissal of Sokolove from the case requires dismissal of Count II against all Defendants. *See* Op.23-25; Dkt.48 at 14-18 (dismissing original complaint for lack of distinctness).

corporate filings—were not alleged to be undertaken on behalf of the enterprise. Indeed, they are not alleged to have committed fraud against J-MM at all. *See* FAC ¶¶ 77-95 (describing Sokolove's advertising and corporate filings under "Fraud Against Asbestos Plaintiffs" and "Fraud Against State Regulators" sections, not in "Fraud Against Asbestos Defendants" section).

***Third***, J-MM was not injured "by reason of" Sokolove's alleged violations. 18 U.S.C. § 1964(c); *see* Reply.13. This is a problem arising from the Court's holding on Sokolove's predicate acts: By treating "allegedly false and deceptive" advertising as the fraud on which Sokolove's role in the enterprise rests, Op.24, the Order makes that advertising the conduct J-MM must connect to its injury under § 1964(c). But, again, Sokolove's alleged false advertising was directed at potential clients, and its alleged false corporate filings directed at state regulators, not J-MM. J-MM has not alleged that Sokolove committed any fraud in "carefully screen[ing]" and referring genuine leads to SHC. FAC ¶ 99. To the extent J-MM was injured "by reason of" Sokolove's conduct, it was attributable to Sokolove's lawful referrals, not any "violation of [] RICO's substantive restrictions." *Anza*, 547 U.S. at 453.

### A. The Amended Complaint Does Not Sufficiently Plead that Sokolove Conducted the Association-In-Fact Enterprise's Affairs.

Defendants argued that the amended complaint's allegations "do not establish that Sokolove was conducting the affairs of the alleged enterprise as opposed to [its] own affairs." Mot.18 (citation omitted); *see* Reply.12-13. The Court addressed that argument with a continuing-unit and common-purpose analysis, Op.23-25, but that analysis asks whether an enterprise exists, not whether Sokolove had a part in directing it. Both are required.

The amended complaint's allegations preclude a finding that Sokolove directed the enterprise. It alleges that Sokolove advertised, screened leads, referred them to SHC, and shared in recoveries. FAC ¶¶ 82-85, 96, 99, 250. That is, at most, Sokolove conducting its own business,

not conducting, much less "directing" the alleged enterprise's affairs. *Goren*, 156 F.3d at 727.

The facts of *Goren* are instructive. There, the plaintiff brought claims against a doctor and advertiser that promoted an allegedly fraudulent mineral supplement. *See id.* at 724-25. The Seventh Circuit held that such allegations did not meet § 1962(c)'s "conduct" requirement because "[t]hese averments clearly allege the existence of a business relationship between these defendants and the enterprise, but do not indicate that these defendants took some part in directing [the supplement company's] affairs." *Id.* at 728 (citation omitted). The same is true here: The amended complaint may allege that Sokolove and SHC shared common interests, and that Sokolove provided a legitimate service by referring high-value plaintiffs to SHC, but it lacks any allegations suggesting that Sokolove had any managing or directing role over the litigation-related activities J-MM alleges to be fraudulent. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399 (7th Cir. 2009) ("Allegations that a defendant had a business relationship with the putative RICO enterprise or that a defendant performed services for that enterprise do not suffice.").[2]

J-MM's conclusory allegations that Sokolove was "aware" of the alleged scheme, FAC ¶¶ 231, 260, are irrelevant. "[S]imply performing services for an enterprise, *even with knowledge of the enterprise's illicit nature*, is not enough to subject an [entity] to RICO liability under § 1962(c)." *Goren*, 156 F.3d at 728 (emphasis added). Sokolove "must have participated in the operation and management of the enterprise itself." *Id.* Nor does it make a difference that, as the Court observed, J-MM alleges Sokolove shares office space and personnel with SHC and that Simmons and nonparty Ricky LeBlanc "involved themselves in the affairs of the other." Op.24-

[2] The Court cites *Uber Techs., Inc. v. Simon & Simon P.C.*, No. 25-5365, 2026 WL 1284178 (E.D. Pa. May 11, 2026), as an example of a scheme involving a "referral relationship" nonetheless meeting the definition of racketeering. Op.25. But the facts of *Uber* are distinguishable: The referring doctors in that case *themselves* performed fraudulent billing and treatment practices that resulted in allegedly fraudulent personal-injury lawsuits. *See* 2026 WL 1284178, at *2. There are no such allegations against Sokolove.

25 (quoting *Walgreen*, 719 F.3d at 854). At best, these allegations suggest that Sokolove is *subject* to the same direction and management that allegedly directs the enterprise. It does not show, as J-MM must, that *Sokolove directs* the allegedly fraudulent conduct that, according to J-MM itself, occurred wholly within the "Simmons Hanly's Asbestos Department." FAC ¶ 100. The racketeering activity alleged, to the extent it is conceivably directed at J-MM at all, is litigation conduct by SHC lawyers, not Sokolove. The amended complaint does not allege that Sokolove, or anyone acting on its behalf, drafted a pleading, prepared a witness, answered discovery, or negotiated a settlement in any case against J-MM, and the Order identifies no such allegation as to any Sokolove lawyer, including Simmons or LeBlanc. *Cf. Walgreen*, 719 F.3d at 854-55 (finding no conduct in furtherance of enterprise where "Par personnel were not responsible for reprogramming Walgreens's computer system, and Walgreens personnel were not involved in Par's manufacturing process"). By J-MM's own allegations, Sokolove is a "stalking horse," FAC ¶ 4, not in the saddle.

J-MM's failure to allege that Sokolove conducted or managed the alleged enterprise also dooms its § 1962(d) claim against Sokolove. As the Seventh Circuit explained in *Walgreen*, the "failure adequately to allege that [defendants] conducted the affairs of an enterprise is also fatal to [a] RICO conspiracy claim." 719 F.3d at 856; *see also Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 677 (7th Cir. 2000) ("Since Appellants fail to establish a violation of section 1962(c), their section 1962(d) claim based on the same facts must fail as well."). This is because "the touchstone of liability under § 1962(d) is an agreement to participate in an endeavor which, if completed, would constitute a violation of the substantive statute." *Goren*, 156 F.3d at 732. Here, there are no allegations that Sokolove "agreed" to do anything beyond what it did—provide referral services to SHC. Since that does not constitute "conducting the affairs" of the alleged

scheme, there is no alleged agreement that violates § 1962(d). *See Walgreen*, 719 F.3d at 856.

### B. Sokolove Is Not Alleged to Have Committed Any Fraudulent Predicate Act, Much Less a Pattern.

The amended complaint attributes no fraudulent predicate act to Sokolove that furthered the alleged enterprise, and the Court's Order identifies none; its only description of Sokolove's alleged role is coordinating to "generate leads and refer asbestos plaintiffs to Simmons Hanly." Op.28. Defendants argued this point in their reply but it was not addressed. *See* Reply.12 ("[T]here is not *one* allegation that Sokolove participated in any racketeering."). Indeed, Sokolove does not appear in the Order's account of SHC's asbestos cases against J-MM. Op.30-33. That is because the amended complaint does not allege that Sokolove took part in litigating any of the ten underlying cases. It alleges only, on information and belief, that Sokolove's "referrals led to many if not all of" them. FAC ¶ 98; *see* Mot.10, 11 n.6.

This is fatal to the claims against Sokolove. RICO requires a pattern of racketeering; lawful acts cannot be aggregated into a pattern. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992). Further, RICO "does not make criminal activity that is otherwise legal." *United States v. Korando*, 29 F.3d 1114, 1119 (7th Cir. 1994). And it does not allow a plaintiff to convert ordinary commercial disputes—even repeated ones—into criminal acts. *See, e.g.*, *Walgreen*, 719 F.3d at 856 (rejecting RICO theory where alleged cooperation did not exceed "that inherent in every commercial transaction between a drug manufacturer and pharmacy"). As Defendants argued, Mot.20, J-MM's own allegations show that Sokolove's website discloses its referral model, FAC ¶ 80, which defeats any suggestion of fraud. The Court's Order does not hold otherwise. A disclosed referral arrangement and fee sharing of the kind the ethics rules permit cannot supply the pattern RICO requires. See ABA Model Rule of Pro. Conduct 1.5.

The amended complaint's allegations that Sokolove engaged in deceptive advertising and

corporate filings are inapposite. Even if these allegations could suffice as RICO predicate acts, J-MM's own allegations confirm that Sokolove was not conducting the alleged enterprise *through* these acts. *See Goren*, 156 F.3d at 727. As to the allegedly false advertising, the amended complaint makes clear that Sokolove's representations that its "attorneys can identify all of the companies that may be responsible for your illness and pursue a mesothelioma settlement from each of them," or that "[w]e've helped thousands of families across the country access mesothelioma settlements" were intended to supply its own referral business with *many* firms, not just SHC. *See* FAC ¶¶ 77-80. Indeed, SHC is just one firm amongst a national network that Sokolove allegedly provided services as "the nation's #1 plaintiff case generation firm." *Id.* ¶¶ 80-83. To the extent that any of Sokolove's marketing would qualify as a predicate act, it is in furtherance of "its own affairs," not the enterprise's. *See* Op.18 (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)).

The same is true of J-MM's allegations of "deceptive" corporate filings. As an initial matter, the amended complaint calls Sokolove's corporate filings "vague and deceptive" in general terms, FAC ¶¶ 89, 93, but it does not allege that anything in the listed reports was false. In fact, it pleads the same facts as true. *Id.* ¶¶ 16, 26, 91. But even assuming, again, that the filings could qualify as predicate acts, they were not undertaken in furtherance of the alleged enterprise. The amended complaint alleges that Sokolove overstates the involvement of attorneys (including many unaffiliated with SHC) so that it may avoid limitations of fee-splitting referral arrangements. *See id.* ¶¶ 87-89. That would serve Sokolove's business interest, as the referring entity, alone—it is actually against SHC's interests and does nothing to further the alleged fraud against J-MM or other asbestos defendants in any way.

### C. Sokolove's Alleged Fraud Did Not Directly Injure J-MM.

The Court's holding on Sokolove's predicate acts also creates a dispositive causation

problem: By treating "allegedly false and deceptive" advertising as the fraud on which Sokolove's role in the enterprise rests, Op.24, the Order makes that advertising the conduct J-MM must connect to its injury under § 1964(c). But that advertising—which J-MM itself alleges was directed at asbestos plaintiffs, not J-MM—did not directly injure J-MM, and the Order does not hold otherwise. *See* FAC ¶¶ 77-95 (identifying Sokolove's alleged conduct as "Fraud Against Asbestos Plaintiffs" and "Fraud Against State Regulators").

RICO claims require but-for causation: that absent the particular defendant's alleged racketeering, it would not have been injured. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1005 (7th Cir. 2004). RICO also imposes a stricter, independent directness requirement. *See Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732, 744 (N.D. Ill. 2012) (describing RICO "standing" under § 1964(c) as a "hurdle greater than mere Article III standing," requiring proximate cause). The injury must have a "direct relation" to racketeering. *Corley*, 388 F.3d at 1005 (quoting *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 269 (1992)). An injury that is "too remote, purely contingent, or indirect"—even if technically traceable—is not enough. *Ratfield v. U.S. Drug Testing Lab'ys, Inc.*, 140 F.4th 849, 852 (7th Cir. 2025) (quoting *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010)).

The Supreme Court and Seventh Circuit have repeatedly enforced this requirement. In *Anza*, the Supreme Court held that the competitor's claimed injury from a rival's tax-fraud scheme was "entirely distinct" from the fraud itself and thus too attenuated for RICO causation. 547 U.S. at 457-58. And in *Ratfield*, the Seventh Circuit affirmed this Court's dismissal where the plaintiffs lost their jobs after failing a blood-alcohol test manufactured by the defendants. 140 F.4th at 850-53. The plaintiffs claimed that the defendants made misrepresentations about the tests but did not plausibly allege the plaintiffs' employers knew of or relied on the alleged misrepresentations—

leaving "a tenuous, serpentine causative path" to the plaintiffs' harm that "d[id] not satisfy RICO's proximate causation requirement." *Id.* at 853.

J-MM cannot satisfy this strict causation standard, at least as to Sokolove. J-MM's claimed injury is the cost of defending and settling lawsuits. FAC ¶¶ 225, 245, 256. That injury is alleged to flow from false testimony and discovery responses in cases that a different law firm investigated, filed, and litigated. Whether a claimant first found a lawyer through an advertisement has no bearing on whether the testimony in that claimant's case was true. Between the advertisement and the injury stand the claimant's decision to call Sokolove, the Sokolove referral to SHC, SHC's decision to sue J-MM, and every alleged act of litigation misconduct. That is the kind of "purely contingent" chain that fails RICO's directness requirement. *Ratfield*, 140 F.4th at 852-53 (citation omitted); *Anza*, 547 U.S. at 457-58; *see also* Mot.25 n.14; Reply.13. J-MM cannot have it both ways—it cannot claim injuries stemming solely from allegedly fraudulent litigation activities yet still sweep in third parties like Sokolove whom J-MM admits took no part in the underlying litigation (or any litigation for that matter). As the Court reads the complaint, Sokolove's place in the "enterprise" rests solely on its advertising—and that advertising is too remote from J-MM's injury to satisfy § 1964(c).

## CONCLUSION

Sokolove respectfully request that the Court reconsider its November 6, 2026 Memorandum Opinion and Order and dismiss Count II in its entirety and Count III as to Sokolove Law, LLC.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Andrianna D. Kastanek*

Reid J. Schar (6243821)
John R. Storino (6273115)
Andrianna D. Kastanek (6286554)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
rschar@jenner.com
jstorino@jenner.com
akastanek@jenner.com

Amit B. Patel (6309876)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Tel: (212) 891-1600
apatel@jenner.com

*Counsel for Defendants*